**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,
Plaintiff,
v.
JESUS PARGAS-GONZALEZ,
Defendant.

Case No. 11cr03120 BTM

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

Defendant Jesus Pargas-Gonzalez is charged with attempted reentry into the United States in violation of 8 U.S.C. § 1326. The Defendant has filed a motion to dismiss the indictment, claiming that his underlying deportation and removal violated his Fifth Amendment due process rights. For the reasons set forth herein, the Defendant's motion to dismiss the indictment is DENIED.

## I. Background

The Defendant is a citizen and native of Mexico and arrived in the United States with his father in 1989. In 1994, he became a legal permanent resident.

On May 13, 2003, the Defendant was convicted of violating California Penal Code § 459 (second-degree burglary). This constituted a felony conviction for which his probation was revoked and he was sentenced to 16 months in prison. On February 23, 2005, the Defendant was convicted of violating California Penal Code § 12021(a) (felon in possession

of a firearm), for which he was sentenced to two years in prison.

On March 13, 2006, the Defendant was served a Notice to Appear ("NTA"), subsequently amended on March 21, 2006, alleging that he was removable pursuant to 8 U.S.C. § 1227(a)(2)(C) for having been convicted of a "firearm offense."

On March 30, 2006, the Defendant appeared before an immigration judge ("IJ") and admitted that he had sustained the § 12021(a) conviction alleged in the NTA. The IJ explained the eligibility requirements for cancellation of removal, and the Defendant timely submitted a complete application for cancellation of removal.

At the merits hearing for the Defendant's application for cancellation of removal, the Immigration and Naturalization Service filed an additional charge, alleging that the Defendant was subject to deportation or removal on the ground that his § 12021(a) conviction constituted an "aggravated felony" pursuant to section 101(a)(43)(E) of the Immigration and Nationality Act. See 8 U.S.C. § 1101(a)(43)(E). The IJ asked the Defendant if he wanted more time to consult with an attorney. The Defendant stated that he wished to face the charges that day. The IJ concluded, without reference to any documents from the record of conviction, that the Defendant had committed an aggravated felony. On that basis, the IJ denied the Defendant's application for cancellation of removal and ordered the Defendant deported to Mexico.

The Defendant was arrested on July 3, 2011, at the Otay Mesa Port of Entry. On July 20, 2011, the government filed an indictment charging the Defendant with "knowingly and intentionally attempt[ing] to enter the United States of America with the purpose, i.e., the conscious desire, to enter . . . without the express consent of the Attorney General . . . , after having been previously excluded, deported and removed from the United States to Mexico" in violation of 8 U.S.C. § 1326. (Dkt No. 10 at 1.)

On October 11, 2011, the Defendant filed a motion to dismiss the indictment, contending that the removal order underlying the present charges is invalid because the IJ erred in determining that the Defendant's § 12021(a) conviction was an aggravated felony and that he was therefore ineligible for cancellation of removal.

## II. Discussion

Due process requires that a defendant charged with a violation of Section 1326 must have the right to raise a collateral attack against the prior deportation prior to trial. United States v. Pallares–Galan, 359 F.3d 1088, 1095 (9th Cir. 2004). In order to sustain a collateral attack under § 1326(d), a defendant must demonstrate: (1) that he "exhausted any administrative remedies that may have been available to seek relief against the order;" (2) that "the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review;" and (3) that "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). "[A] predicate removal order satisfies the condition of being fundamentally unfair for purposes of § 1326(d)(3) when the deportation proceeding violated the alien's due process rights and the alien suffered prejudice as a result." United States v. Arias-Ordonez, 597 F.3d 972, 976 (9th Cir. 2010).

### A. Exhaustion and Opportunity for Judicial Review

With respect to the first two requirements in § 1326(d), the government contends that the Defendant has not exhausted his administrative remedies because he did not appeal his deportation to the Board of Immigration Appeals (BIA), and that he was not deprived of the opportunity for judicial review because he made a "considered and intelligent" waiver of his right to appeal. (Dkt. No. 21 at 8-9.) The Defendant has not contested the government's allegation that the "Defendant elected to waive his right to appeal."

However, the parties agree that the IJ determined that the Defendant was not eligible for cancellation of removal. A § 1326 defendant collaterally attacking the underlying deportation is excused from the first two requirements in § 1326(d) if, during the removal proceedings, the IJ erred in determining that he was ineligible for cancellation of removal. See United States v. Arias-Ordonez, 597 F.3d 972, 977 (9th Cir. 2010) ("Our circuit law is . . . well established that § 1326(d)'s requirements of exhaustion and deprivation of judicial review are satisfied when the government misinforms an alien that he is ineligible for relief."); United States v. Pallares-Galan, 359 F.3d 1088, 1099 (9th Cir. 2004) (holding that where

alien is eligible, "the requirement that an IJ inform [him] of his ability to apply for relief from removal is 'mandatory,' . . . and failure to so inform him serves to deprive him of his right to an administrative appeal and to judicial review" (citations omitted)).

Thus, the resolution of the Defendant's challenge to his deportation revolves around the question of whether he was prejudiced by the IJ's conclusion that his § 12021(a) conviction was an aggravated felony and that he was therefore ineligible for cancellation of removal.

**B.    Prejudice**

To establish prejudice, the Defendant must show that "he had a 'plausible' basis for seeking relief from deportation." Pallares-Galan, 359 F.3d at 1103. If the Defendant's § 12021(a) conviction rendered him ineligible for cancellation of removal, then he cannot claim prejudice based on the IJ's determination that he was ineligible for that form of relief.

Pursuant to the Immigration and Nationality Act (the "Act"), the Attorney General has discretion to cancel removal of an alien deemed inadmissible or deportable provided the alien "has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(3). Under the Act, an "aggravated felony" is any conviction listed in section 101(a)(43), including "(E) an offense described in . . . (ii) section 922(g)(1), (2), (3), (4), or (5), (j), (n), (o), (p), or (r) or 924(b) or (h) of Title 18 (relating to firearms offenses)." 8 U.S.C. § 1101(a)(43)(E). The government argues that the Defendant's conviction under California Penal Code § 12021(a) meets the definition of "aggravated felony" under section 101(a)(43)(E), and therefore the Defendant is ineligible for cancellation of removal.

To determine whether the Defendant's conviction is an aggravated felony, the Court applies the analytical framework articulated by the Supreme Court in Taylor v. United States, 495 U.S. 575 (1990). First, the Court uses the categorical approach and determines whether the state statute at issue--in this case, California Penal Code § 12021(a)--encompasses offenses that are narrower than or equal to the federal definition of "firearms offenses" listed in section 101(a)(43)(E)(ii). If so, a conviction under the state statute necessarily implies that

the conviction is for an aggravated felony, and the inquiry is over. If, however, the state statute punishes conduct not included in the federal definition, the modified categorical approach permits an examination of the "record of conviction" to determine if the defendant was convicted of the generically defined crime. The "record of conviction" is limited to "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the [state] trial judge to which [the defendant] assented." United States v. Vidal, 504 F.3d 1072, 1086 (9th Cir. 2007) (en banc) (citation and quotation marks omitted).

1. Categorical Approach

At the time of the Defendant's conviction, California Penal Code § 12021(a) stated:

> [A]ny person who has been convicted of a felony under the laws of the United States, the State of California, or any other state, government, or country . . . and who owns, purchases, receives, or has in his or her possession or under his or her custody or control any firearm is guilty of a felony.

Cal. Penal Code. § 12021(a)(1) (repealed by statute, 2010) (emphasis added). The firearms offense listed in section 101(a)(43)(E) of the Act most applicable to the Defendant's state court conviction is 18 U.S.C. § 922(g)(1), which reads:

> It shall be unlawful for any person . . . (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1) (emphasis added).

As the Defendant correctly contends (Dkt. No. 19 at 7-8), the California felon-in-possession statute criminalizes mere ownership of a firearm by a felon, whereas the federal statute "does not criminalize ownership of guns by felons. It criminalizes possession." United States v. Casterline, 103 F.3d 76, 78 (9th Cir. 1996) (reversing conviction under § 922(g)(1) where defendant owned--i.e., held title to--firearms, but did not possess them at time alleged because he was in prison and firearms were in evidence locker). Consequently, California Penal Code § 12021(a) is not categorically an aggravated felony, and the Court

must apply the modified categorical approach.

Despite the decision in Casterline, the government makes two arguments urging an application of the categorical approach. The government first attempts to distinguish Casterline on its facts, stating that Count 1 in the state court charging document, to which the Defendant pleaded guilty, alleged that he had "custody and control" of a firearm. (See Gov't Opp. Mem., Dkt. No. 12, Ex. 6 at 1.) Needless to say, the government's reliance on a document from the "record of conviction" to show, based on the facts of the Defendant's individual case, that his conviction was an aggravated felony suggests the necessity of looking to the record of conviction under the modified categorical approach. The government next points to three Ninth Circuit cases, all of which hold that the § 12021(a) conviction at issue is an aggravated felony, and none of which apply the modified categorical approach. See United States v. Castillo-Rivera, 244 F.3d 1020 (9th Cir. 2001); Anaya-Ortiz v. Holder, 363 Fed. Appx. 465 (9th Cir. 2010); Abrego-Hernandez v. Holder, 357 Fed. Appx. 848 (9th Cir. 2010). However, in Castillo-Rivera, the only published case cited by the government, the court stated in clear terms:

> To the extent that the full range of conduct encompassed by CPC § 12021(a) may not constitute an aggravated felony as an offense described in 18 U.S.C. 922(g)(1) (e.g. § 12021(a) appears to include the possession of a firearm by an individual convicted of specified misdemeanors, as well as by one "who is addicted to the use of any narcotic drug"), the court may follow a "modified categorical approach" by looking to the charging paper and judgment of conviction to determine if the actual state offense of which the defendant was convicted qualifies. . . . Here the state charge and judgment order make clear, and there is no dispute, that Castillo pled guilty to a generic offense of being a felon in possession of a handgun.

244 F.3d at 1022-23. Although the Castillo-Rivera court did not address the particular ownership vs. possession argument raised by the Defendant in the present case, it clearly acknowledged that § 12021(a) prohibited conduct not covered by § 922(g)(1) and that the application of the modified categorical approach is appropriate. Moreover, in Abrego-Hernandez, the Court relied on the plea colloquy in finding that the defendant's § 12021(a) conviction was an aggravated felony (357 Fed. Appx. at 849), and the court in Anaya-Ortiz--a direct appeal of a removal order--declined to address any modified categorial approach

arguments for failure to exhaust (363 Fed. Appx. at 466). In short, none of the cases cited by the government persuasively rebut the conclusion that § 12021 is broader than § 922(g)(1), and that therefore the Court must apply the modified categorical approach in resolving the Defendant's motion to dismiss.

2. Modified Categorical Approach

Applying the modified categorical approach, the documents contained in the record of conviction clearly establish that under the circumstances of this case, the Defendant's § 12021(a) conviction constitutes an aggravated felony.

The government has filed in this matter a transcript of the Defendants plea colloquy, in which he pleaded no contest to Count 1 of the charging document, and in which the Defendant's attorney of record stipulated to a factual basis "based on the police reports in this matter." (Dkt. No. 23, Ex. 8 at 2-3.) The government also filed 23 pages of police reports related to the Defendant's § 12021(a) charge and an accompanying Declaration of Virginia Handy, Senior Legal Office Support Assistant for the District Attorney's Office, County of Los Angeles, Alhambra Branch, certifying that those 23 pages "represent the entirety of the police reports in our case file that would have formed the basis of Defendant's stipulation at the time he pled guilty in 2005." (See Dkt. No. 27, Ex. A.) Under these circumstances, the Court properly reviews the police reports. See United States v. Almazan-Becerra, 537 F.3d 1094, 1098 (9th Cir. 2008) (holding that police reports are properly considered under modified categorical approach where defendant stipulates to those reports as factual basis for guilty plea). A review of the police reports (Dkt. No. 27, Ex. B) shows that not only was the Defendant clearly in possession of a handgun, but in fact he accidentally discharged the handgun, grazing the upper leg of a bystander. Here, the Defendant's § 12021(a) conviction clearly involved actual "possession" of a firearm, and is an aggravated felony. See 8 U.S.C. 1101(a)(43)(E); 8 U.S.C. 922(g)(1).

The Defendant contends, however, that the Court cannot base its finding that his §12021(a) conviction was an aggravated felony on documents not in the record before IJ

during the initial removal proceedings. (Dkt. 25 at 3, citing Randhawa v. Ashcroft, 298 F.3d 1148, 1152 (9th Cir. 2002).) Randhawa, however, addressed a petition seeking *direct review* of a determination by the Board of Immigration Appeals ("BIA") that the defendant's underlying crime was an aggravated felony. In that type of case, the Ninth Circuit is tasked with deciding whether "the BIA erred in determining *on the record before it*" that the crime was an aggravated felony, and consequently must limit its review to documents that were before the agency. Nunez v. Holder, 594 F.3d 1124, 1130, 1138 (9th Cir. 2010) (emphasis added).

However, when a defendant collaterally attacks the underlying deportation, the burden on the defendant is not to show that the IJ or the BIA erred based on a review of the record before them, but rather to show that "the deportation order was fundamentally unfair," i.e. that there was prejudice. The Court may consider any available documents from the record of conviction that the IJ could have reviewed--even if it did not--in concluding that the Defendant's § 12021(a) conviction would have precluded relief from removal under a proper application of the modified categorical approach. See United States v. Arciniega-Meda, 2011 WL 6091758, at *4 n.4 (D. Idaho 2011) (denying motion to dismiss § 1326 indictment based on modified categorical approach after considering supplemental documents from record of conviction introduced to court during pendency of motion).

## III. Conclusion

For the reasons set forth above, the Court DENIES the Defendant's motion to dismiss the indictment.

**IT IS SO ORDERED.**

DATED: February 8, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court